DAVID LESNIK, PLAINTIFF-RESPONDENT, v. EDWARD G. YERG AND JENNIE E. YERG, DEFENDANTS-APPELLANTS.

Argued January 18, 1928—Decided July 7, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellants, *William L. Greenbaum.*

For the respondent, *Philip J. Schotland.*

PER CURIAM.

This is an appeal by the defendants from a judgment in the Circuit Court, entered on an order in that court striking out the defendant's answer as sham and legally insufficient, and entering judgment in favor of the plaintiff for $3,200, being the amount of the plaintiff's claim.

The action was to recover a commission for negotiating a sale of real estate in Miami, Florida, upon an agreement in writing appended to an agreement of sale, the pertinent provision of which reads as follows:

"We agree to pay to the above-signed broker [plaintiff being the broker signing the bill of sale for the vendors] as commission the sum of thirty-two hundred dollars [$3,200], or one-half of the deposit in case same is forfeited by purchaser provided the same shall not exceed the full amount of the commission."

This writing was signed by the defendants, vendors, and delivered to the plaintiff.

On filing of pleas and defenses by the defendants a motion was made to strike them out as sham and insufficient in law and to enter judgment for the plaintiff. Affidavits for and against the motion were filed, and upon consideration of these the motion was granted as above stated.

Our examination of the pleadings and the affidavits of the respective parties leads us to the conclusion that the order and the judgment appealed from were proper. The defense attempted to be interposed was that while $11,000 was paid by the vendor on account of the principal contract, the purchaser defaulted in its further performance; that no commission was due to the plaintiff because he was not the broker who made the sale; that he had acted for both parties, and that he had agreed to turn over to the purchaser on the passing of title the $3,200 specified as commission.

If these facts constituted a valid defense to the plaintiff's claim, they, nevertheless, presented an attempt to vary the terms of the written agreement in contravention of the rule which forbids the alteration of writings by parol testimony. *Naumberg* v. *Young,* 44 *N. J. L.* 331.

The judgment is affirmed.